UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
                    Plaintiff                                    Case No.:11-20129
v                                                    Hon.: ROBERT H. CLELAND

D-4 PATRICK MICHAEL MCKEOUN
                    Defendant.

_____/

## NOTICE OF HEARING

TO:     AUSA Saima Mohsin
AUSA Eric M. Straus
Assistant U.S. Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI  48226

**PLEASE TAKE NOTICE that** the Defendant's attached Motion shall be heard on a date
and time set by the Case Manager for Judge Robert H. Cleland.


                              Respectfully submitted,


                              By: /s/ Sidney Kraizman, Esq.
                              Sidney Kraizman P16199)
                              Attorney for Defendant
                              615 Griswold, 1616 Ford Building
                              Detroit, Michigan 48226
                              (313) 961-7078
                              sidkraizman@sbcglobal.net
DATED: April 9, 2012

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
                        Plaintiff                          Case No.:11-20129
v                                                Hon.: ROBERT H. CLELAND

D-4 PATRICK MICHAEL MCKEOUN
                        Defendant.

                                        /

## MOTION FOR DISCOVERY AND BRADY MATERIALS

NOW COMES the Defendant Patrick Michael Mckeoun, by and through his attorney Sidney Kraizman, and hereby moves this Honorable Court for an order for discovery and Brady materials for the reasons that:

1.      The defendant Patrick Michael Mckeoun is charged in the Second Superseding  Indictment with: Conspiracy to Manufacture more than 5 grams of Methamphetamine, in violation of 21 U.S.C. §841(a) (1) and 846 (Count 1); Manufacture of more than 5 grams of Methamphetamines, Aiding and Abetting, in violation of 21 U.S.C. §841(a) (1), (b)(1)(B), and 18 U.S.C. § 2 (Count 4); and Endangering Human Life While Illegally Manufacturing Methamphetamines, Aiding and Abetting, in violation of 21  U.S.C. § 858, (a) (1), and  18 U.S.C. § 2 (Count 6)

2.      The Defendant was arraigned on this Indictment on Thursday, March 22, 2012.

3.      After the arraignment on the Indictment, the 10 day time period under Administrative Order No. 03-AO-027, for the Government to hold the discovery conference with defense counsel or to provide the Discovery Notice and to provide Discovery under the Standing Order for Discovery, expired on April 2, 2012.

2

4.      Present counsel Sidney Kraizman requested discovery verbally on March 20 by leaving voice mail messages for the Assistant United States Attorneys (AUSA) in this case, by letters sent through the U.S. mail on March 26 and April 6, 2012 to AUSA Saima Mohsin and AUSA Eric M. Straus, and by telephone conversations on April 9, 2012, first  with AUSA Straus and then with AUSA Saima Mohsin.

5.      On April 9, 2012, AUSA Mohsin stated that she was gathering the discovery and would provide discovery.

6.      However, to date, defense counsel Sidney Kraizman has  only received a small portion of the discovery in this case, namely the :   report of  the verbal statement of Defendant Mckeoun and a print out of the criminal record of Mr. Mckeoun.

7.      Although present counsel Sidney Kraizman requested the discovery conference, the Government has not held a conference with present counsel nor  filed the Discovery Notice required by the Standing Order of Discovery nor provided the Discovery required by the Standing Order of Discovery, Rule 16 of the Federal Rules of Criminal Procedure, and Brady v Maryland, 373 U.S. 83 (1983).

8.      The 20 day time period (under the Standing Order for Discovery and Fixing Motion Cutoff Date in Criminal Cases) from the Arraignment on the Indictment for filing Motions will expire on Wednesday April 11, 2012.

9.      The Defendant Patrick Michael Mckeoun has acknowledged receipt of the report of his own verbal statement and a print out of his criminal record.  But, Defendant Mckeoun requests any additional oral, written or recorded statements of his and any other additional records as to his criminal record. This is required under federal Rule of Criminal Procedure (Rule) 16(a) (1) (A), (B), (D).

3

10.    The Defendant Patrick Michael Mckeoun requests an opportunity to inspect and copy or photograph documents and objects listed in and required by Rule 16(a)(1)(E). These objects and documents are material to preparing the defense in this case, the government will use the item in its case in chief, or the item may have belonged to the defendant.

11.    The Defendant Patrick Michael Mckeoun requests an opportunity to inspect and copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiments under  Rule 16(a)(1)(F).

12.    The Defendant Patrick Michael Mckeoun requests a written summary of any testimony of expert witnesses under Rule 16(a) (1) (G).

13.    The Defendant is entitled to exculpatory evidence within the meaning of Brady v Maryland, 373, U.S. 83 (1983) and United States v Agurs, 427 U.S. 97 (1976). The attached Brief is directed towards Brady materials.

14.    The Defendant is additionally requesting an opportunity to inspect and copy or photograph:

(A) all statements of witnesses and all statements and confessions of Co-Defendants and/or alleged conspirators,  whether on paper, audio and/or video;

(B)  criminal histories, adult and juvenile,  of all civilian witnesses;

(C) all police and federal agent documents, reports, records, photographs,  audio and/or video recordings of alleged drug transactions in the investigation in this case,   audio and/or video surveillance,  notes, reports of police and  reports of local, state, and federal agents, other reports, and reports of experts;

4

(D) Search warrants, affidavits, and returns and related photographs, audio and/or video recordings.

15.         Pursuant to <u>Brady</u> and its progeny, Defendant also requests the following information:

A)    Any prior acts committed by the government witnesses that are arguably probative of the witnesses' character for dishonesty or truthfulness within the meaning of Fed. R. Evid. 608 (b);

B)    The names and addresses and telephone numbers of witnesses favorable to the defense, as well as any persons arrested in connection with the  offense in this case;

C)    Any consideration, promise or inducement regardless of value given to any potential witness, by an agent, attorney or employee of the government.  This request includes:

i)      any Rule 11 plea agreement(s);

ii)     any promised sentencing departure under U.S.S.G. 5K1.1, 18 U.S.C. 3553(e) and/or Rule 35(b) of Fed. R. Crim. P.; and

iii)    any promises not to prosecute spouses and/or relatives and/or promises not to seize forfeitable property of spouses and/or relatives.

D)    Any information or statement regarding pressure of any form placed on potential witnesses to testify unfavorably to

5

Defendant by an agent, attorney, or employer for the government;

E)    Any other material that may impeach a government witness, including, but not limited to:

 i) any prior inconsistent statement;

 ii) any evidence of bias or defect in capacity to observe or recollect;

 iii) any proof that material facts are otherwise than expected;

 iv) whether a witness is on parole;

 v) whether the government has provided any potential witness with:

  a) money or other reward;
  b) living or transportation expenses;
  c) medical treatment;
  d) witness protection program;
  e) any type of informant status;
  f) help in forfeiture proceedings;
  g) promises as to witness's civil liability;
  h) immunity from prosecution, promises and/or Rule 11 agreement;

 vi) any criminal exposure under this investigation;

 vii) the criminal exposure of other persons of interest to any government witnesses; and

 viii) Any threats to forfeit and/or seizure of any property of any government witnesses.

F)    Any potential witness's statement and/or documents that do not support, either by omission or direct contradiction, the

6

allegations that this Defendant was involved with the offense in the Indictment.

G)      Any information or statement showing that the instant offense was conceived, initiated or encouraged by the government informant.

16.      The information requested in these paragraphs is either in the possession of the government or, by due diligence, can be obtained by the government.  Defendant, on the other hand, has no other reasonable means to obtain the requested information.

WHEREFORE, the defendant Patrick Michael Mckeoun, by and through his attorney, Sidney Kraizman, respectfully requests that this Honorable Court enter an order that the Government allow defense counsel to inspect, and receive a copy and/or photograph, and receive disclosure of the requested discovery and Brady information as set forth in paragraphs 8 through 15, before trial.

Respectfully submitted,

  /s/ Sidney Kraizman, Esq.
Sidney Kraizman (P16199)
Attorney for Defendant
615 Griswold, 1616 Ford Building
Detroit, Michigan 48226
(313) 961-7078
sidkraizman@sbcglobal.net

Dated: April 9, 2012

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
                    Plaintiff                                    Case No.:11-20129
v                                                      Hon.: ROBERT H. CLELAND

D-4 PATRICK MICHAEL MCKEOUN
                    Defendant.

_____/

_____/


**BRIEF IN SUPPORT OF MOTION FOR DISCOVERY & DISCLOSURE OF BRADY
MATERIALS**

## ISSUE PRESENTED

SHOULD THE COURT ENTER AN ORDER REQUIRING THE GOVERNMENT TO DISCLOSE THE REQUESTED BRADY MATERIAL?

TABLE OF AUTHORITIES

*Supreme Court*

Brady v. Maryland,
373 U.S. 83 (1963)

Giglio v. United States,
405 U.S. 150 (1972)……………………………………………………………

Kyles v. Whitley,
115 S.Ct. 1555 (1995)……………………………………………………..

Napue v. Illinois,
360 U.S. 264 (1959)……………………………………………………………

Pennsylvania v. Ritchie,
478 U.S. 104 (1987)……………………………………………………………

United States v. Agurs,
427 U.S. 97 (1976)……………………………………………………………

United States v. Bagley,
473 U.S. 667 (1985)……………………………………………………………


*Circuit Court*

United States v. Barnes,
49 F.3d 1144 (6th Cir. 1995)…………………………………………………..

United States v. Gordon,
844 F.2d 1397 (9th Cir. 1988)…………………………………………………

United States v. Male,
864 F.2d 641 (9th Cir. 1988)…………………………………………………

United States v. Presser,
844 F.2d 1275 (6th Cir. 1988)…………………………………………………

United States v. Pollock,
534 F.2d 964 (D.C. Cir.) cert. Denied, 429 U.S. 924
(1976)……………………………………………………………………………

*District Court Cases*

United States v. Deutsch,
373 F.Supp. 289, 290 (S.D. N.Y. 1974)…………………………………………..

United States v. Five Persons,
472 F. Supp. 64 (D.N.J. 1979)………………………………………………….

United States v. Shoher,
555 F. Supp. 346 (S.D.N.Y. 1983)………………………………………………

*Miscellaneous*

Fed. R. Crim. P. 16……………………………………………………………………

McCormick, Evidence, § 33 (4th. Ed. 1992)…………………………………………..

Standing Order of Discovery dated October 1, 2003………

## I.      LAW AND ARGUMENT

Pursuant to Fed. R. Crim. P. 16 and <u>Brady v. Maryland</u>, 373 U.S. 83

(1963), Defendant requests that the government provide pretrial disclosure of any

evidence that may be favorable to him and material to guilt or punishment.  This request

is designed to prevent surprise and trial by ambush, as well to prevent unnecessary

delay that will undoubtedly result if the issues must be addressed during trial.  It is also

designed to give Defendant a fair opportunity to prepare for trial and to ensure that his

due process rights are not violated.

> A. THE GOVERNMENT HAS AN ON GOING RESPONSIBILITY TO DISCLOSE
> ANY EVIDENCE KNOWN TO IT AND ANY OF ITS AGENTS THAT MAY BE
> FAVORABLE TO THE DEFENSE.

In <u>Brady</u>, the Supreme Court held that due process is violated when the

prosecution suppresses evidence favorable to the accused if that evidence is requested

and "material either to guilt or to punishment."  <u>Id.</u>, 373 U.S. at 87.   <u>Brady</u> is not a rule

of discovery; it is based on due process, and as such, is a rule of fairness and minimum

prosecutorial obligation.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985).

In <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995), the Supreme Court reaffirmed and

clarified the long standing principles of <u>Brady</u> and its progeny.  The <u>Kyles</u> decision

emphasizes the prosecutor's responsibilities and duties of disclosure and also makes it

clear that the Court will not raise the threshold of the materiality standard based on any

difficulty prosecutors have in identifying what evidence might become important at trial.

The <u>Brady/Bagley</u> materiality definition allows the government "a degree of discretion," since the evidence must be considered collectively for its cumulative effect, as opposed to item-by-item.  <u>Kyles</u>, <u>supra</u>, 115 S.Ct. at 1566-67.  But, the government is required to "gauge the likely net effect of such evidence" that may fall within the <u>Brady</u> rule and to make a judgment call about when it must act or what evidence constitutes favorable evidence.  <u>Id.</u>  The government must also recognize "that the character of a piece of evidence as favorable will often turn on the context of the existing or potential evidentiary record."  <u>Kyles</u>, <u>supra</u>, at 1568.  As noted in <u>United States v. Agurs</u>, 427 U.S. 97, 108 (1976) and reiterated in <u>Kyles</u>, "a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence," resolving doubtful questions in favor of disclosure.  <u>Kyles</u>, <u>supra</u>, at 1568.

The prosecutor also has a duty to learn of any favorable evidence others acting on the government's behalf might have.   The prosecutor's responsibility to disclose <u>Brady</u> material "is inescapable, "regardless of whether the failure was in good faith or bad faith.  <u>Kyles</u>, <u>supra</u>, 115 S.Ct. at 1567-68.   As was noted in <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972) and reaffirmed in <u>Kyles</u>, "procedures and regulations can be established to carry [the prosecutor's] burden and to insure communication of all relevant information on each case to every lawyer who deals with it."  <u>Id.</u>  In fact, the <u>Kyles</u> Court refused to hold that the government was not accountable for information the police did not turn over, stating:

> [T]he prosecutor has the means to discharge the government's *Brady* responsibility if he will, any argument for excusing the prosecutors from disclosing what he does not happen to know boils down to a plea to substitute the police for the prosecutor, and even for the courts themselves, as the final arbiters of the government's obligation to ensure fair trails. <u>Id.</u>, at 1567-68.

14

Finally, the prosecutor's duty to disclose is ongoing.  In <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 60 (1986), the Court stated:  "…the duty to disclose is ongoing; information that may be deemed immaterial upon original examination may be important as the proceedings progress, and the court would be obligated to release information material to the fairness of the trial."

B.  BRADY AND ITS PROGENY REQUIRE DISCLOSURE OF IMPEACHMENT EVIDENCE.

Beyond clearly exculpatory information, the government has an obligation to disclose information that might be used to impeach its witnesses.  <u>See Bagley, supra.</u> In <u>Bagley</u>, the Court stated:

> Impeachment evidence, however, as well as exculpatory evidence, falls within the <u>Brady</u> rule…  Such evidence is "evidence favorable to an accused, "…so that if disclosed and used effectively, it may make the difference between conviction and acquittal.

473 U.S. at 676.  In fact, the <u>Kyles</u> Court reversed, in part, because the government failed to disclose impeachment evidence that was favorable to that defendant's defense at trial.  Some of the evidence the government failed to disclose included:  Eyewitness statements with diverse descriptions of the offender; a non-testifying informant's inconsistent statements; and evidence linking that non-testifying informant to other crimes.

The Supreme Court explained the rationale for requiring disclosure of information related to the credibility of the government's witnesses, as well as matters more directly material to guilt or innocence, in <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1959):

"The jury's estimate of the truthfulness and reliability of a given witness may be determinative of guilt or innocence, and it is upon such subtle factors as the possible

15

interest of the witness in testifying falsely that a defendant's life or liberty may depend."

Furthermore, the Court should decide under Fed. R. Crim. P. 16(a) (1) (C) whether the request embraces matters that are "material to the preparation of [the] defense." As one court noted, "…aside from outright exculpatory items, it is difficult to imagine information more material than impeachment evidence as to major government witnesses." United States v. Five Persons, 472 F.Supp. 64, 67 (D.N.J. 1979)

McCormick has identified five main lines of attach upon the credibility of a witness:

(1)   proof of statements inconsistent with the present testimony;
(2)   proof that the witness is biased based on emotional influences such as kinship or hostility, or motive or pecuniary interest;
(3)   proof that attacks the witness's character;
(4)   proof of a witness's defect of capacity to observe, remember or recount the matters testified about; and
(5)   proof by other witnesses that contradict the material facts the witness under attack testified about.

McCormick, Evidence, §33 at pp. 111-12 (4th Ed 1992).

The requests contained in this motion as to credibility, and incorporated herein by reference, all fall into one or more of these "five main lines of attack upon the credibility of a witness," and its disclosure should be ordered under Brady. The requests contained in this motion request exculpatory evidence relative to both a defendant at the trial stage and sentencing.

**THE GOVERNMENT MUST DISCLOSE *BRADY* EVIDENCE BEFORE TRIAL.**

The disclosure of evidence favorable to the defense, as well any

information impeaching the credibility of witnesses must be timed to enable effective preparation for trial.  In <u>United States v. Barnes</u>, 49 F.3d 1144, 1148-49 (6th Cir. 1995), the Sixth Circuit recognized that the purpose of the discovery rules is to reduce surprise and promote early resolution of issues of admissibility, as well as enhance the fairness of criminal trials.  In keeping with those purposes, the <u>Barnes</u> Court noted that the government must identify any Fed.  R.  Evid.  404(b) evidence it intends to use at trial before trial.  To similarly maintain the purposes of the discovery rules, the government must be required to disclose any <u>Brady</u> materials before trial.

The Sixth Circuit has indicated that purely impeachment evidence relating to a government's witness's credibility is exempt from pre-trial discovery.  Rather, such evidence merely must be disclosed "in time for its effective use at trial."  <u>See, United States v. Presser</u>, 844 F.2d 1275, 1284 (6th Cir. 1988).  The evidence ordered disclosed before trial and in dispute in <u>Presser </u>was purely credibility impeachment evidence.  Thus, <u>Presser</u> should not affect pre-trial discovery of other exculpatory evidence.  While pre-trial disclosure of purely impeachment evidence may not be required under <u>Presser</u>, pre-trial  disclosure  would  avoid  unnecessary  delays  that  may  be  required  if  the disclosure is made during trial.

Other Federal Courts have noted that evidence favorable to the defense must often be disclosed before trial to protect the fairness of the trial.  <u>See, United States v. Pollack</u>, 534 F.2d 964, 973 (D.C. Cir.), <u>cert. Denied</u>, 429 U.S. 924(1976) (Lumbard, J., sitting by designation) ("Disclosure by the government must be made at such time as to allow  the  defense  to  use  the  favorable  material  effectively  in  preparation  and presentation  of  its  case,  even  if  satisfaction  of  this  criterion  requires  pretrial

17

disclosure."); United States v. Shoher, 555 F.Supp. 346, 352 (S.D.N.Y. 1983), quoting, United States v. Deutsch, 373 F.Supp 289, 290 (S.D.N.Y. 1974) ("exculpatory information may come too late if it is given only at trial…."). Moreover, due process requires that such evidence be turned over before it is too late for the defendant to make use of any benefits of the evidence. United States v. Male, 864 F.2d 641 (9th Cir. 1988); United States v. Gordon, 844 F.2d 1397 (9th Cir. 1988).

### *CONCLUSION AND REQUEST*

This Court should therefore, grant this Motion and enter an order requiring the government to disclose any evidence that may fall under the rules of Brady and its progeny.                                        Respectfully submitted,


By: /s/ Sidney Kraizman, Esg.
Sidney Kraizman P16199)
Attorney for Defendant
615 Griswold, 1616 Ford Building
Detroit, Michigan 48226
(313) 961-7078
sidkraizman@sbcglobal.net

DATED: April 9, 2012

18

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to defense counsel and the following:

AUSA Saima Mohsin
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

AUSA Eric M. Straus
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

this date: April 9, 2012.

/s/      Sidney Kraizman, Esq.
Signature