UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
       Plaintiff                       Case No.:11-20129
v                                   Hon.: ROBERT H. CLELAND

D-4 PATRICK MICHAEL MCKEOUN
       Defendant.

_____/

## NOTICE OF HEARING

TO:    AUSA Saima Mohsin
AUSA Eric M. Straus
Assistant U.S. Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI 48226

**PLEASE TAKE NOTICE that** the Defendant's attached Motion shall be heard on a date and time set by the Case Manager for Judge Robert H. Cleland.

                              Respectfully submitted,

                              By: /s/ Sidney Kraizman, Esq.
                              Sidney Kraizman P16199)
                              Attorney for Defendant
                              615 Griswold, 1616 Ford Building
                              Detroit, Michigan 48226
                              (313) 961-7078
                              sidkraizman@sbcglobal.net

DATED: April 19, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
    Plaintiff
v
    Case No.:11-20129
    Hon.: ROBERT H. CLELAND

D-4 PATRICK MICHAEL MCKEOUN
    Defendant.

_____/

## MOTION FOR REVOCATION OF ORDER OF DETENTION
## AND FOR RELEASE WITH CONDITIONS

NOW COMES the Defendant Patrick Michael Mckeoun, by and through his attorney Sidney Kraizman, and hereby moves this Honorable Court for an order of revocation of the order of detention and for release with conditions of the Defendant Patrick Michael McKeoun for the reasons that:

1. The defendant Patrick Michael Mckeoun is charged in the Second Superseding Indictment with: Conspiracy to Manufacture more than 5 grams of Methamphetamine, in violation of 21 U.S.C. §841(a) (1) and 846 (Count 1); Manufacture of more than 5 grams of Methamphetamines, Aiding and Abetting, in violation of 21 U.S.C. §841(a) (1), (b)(1)(B), and 18 U.S.C. § 2 (Count 4); and Endangering Human Life While Illegally Manufacturing Methamphetamines, Aiding and Abetting, in violation of 21 U.S.C. § 858, (a) (1), and 18 U.S.C. § 2 (Count 6).

2. In the event that the Defendant Patrick Michael McKeoun was convicted, then he faces a mandatory minimum of five years in prison and up to 25 years in prison on count 1 and count 4 and up to ten years in prison on count 6.

2

3. On March 22, 2012 a detention hearing was held before Magistrate Judge Mark Randon. At that detention hearing, Magistrate Judge Randon considered the Pretrial Services Report and the charges contained in the Second Superseding Indictment.

4. Magistrate Judge Randon found that there was probable cause to believe that the Defendant Mckeoun committed an offense for which a maximum prison term of 10 years or more is prescribed in 21 USC 841 and that there was a presumption that no condition will reasonably assure the Defendant's appearance and the safety of the community. (Detention Order Pending Trial, Doc # 41).

5. Magistrate Judge Random verbally stated at the hearing that he did not find that the Defendant Mckeoun was a danger to the community, but, that Defendant Mckeoun was a risk of flight. The Magistrate Judge stated that it was a close case.

6. The Detention Order of the Magistrate Judge reads as follows. "Defendant is a risk of flight. Defendant has three prior failures to appear; his probation was revoked; has been charged with escape; has an unstable residence and admits to recent drug use. No condition or combination of conditions, under these circumstances, would reasonably assure his appearance."

7. The Defendant Patrick Mckeoun is 52 years of age, takes medication for his high blood pressure, and has a back condition.

8. Defendant Mckeoun was born in Standish Michigan and raised in Omer Michigan, his brother Jeff Flathau lives in Muskegon and his sister Laurie Williams (name before marriage – Laurie McPherson) lives in Bay City.

9. Defendant Mckeoun served in the United States Army from 1976 to 1979 and received his Honorable Discharge with a grade of E4, a corporal. Mr. Mckeoun lived in Michigan until he was 30 years of age, then lived in California, and after that resided in Alabama from 1997 until his arrest in this case on March 4, 2012.

10. At the time of his arrest on March 4, 2012, Mr. Mckeoun was residing in a drug treatment center, Pathfinders, in Huntsville, Alabama; Mr. Mckeoun had violated his probation in 2011 on his conviction for simple possession of drugs, was released again on probation by the court, and he began inpatient drug treatment at Pathfinders in the end of December 2011.

11. At the time of the March 22, 2012 detention hearing, the location available to Mr. Mckeoun to live at, if he was released, was at the address in Birmingham Alabama where he had lived earlier in 2011; that address was the clubhouse of the Devil's Disciples Motorcycle Club.

12. Magistrate Randon found that Defendant Mckeoun has an unstable residence.

13. The Defendant Mckeoun has a work history as shown by the Pretrial Services Report. Additionally, present counsel on March 21, 2012 talked on the telephone to Kevin Irizakry of Birmingham Alabama who confirmed that Patrick Mckeoun worked for him in his heating and cooling business on a part time basis in 2011, and he also knew that Patrick Mckeoun worked part time as a carpenter. That information was also confirmed in a telephone conversation with Curtis Johnson.

14. It is the position of the defense that the Government has a weak case against Defendant Mckeoun. This is based on a reading of the criminal complaints in

this case that show that the case against Defendant Mcqeoun is based on the statements of a self confessed manufacturer of methamphetamine. The only corroboration shows that Defendant Mckeoun was in the area in Roseville, Michigan in September 2011, but there is no corroboration that Defendant Mckeoun committed the crimes charged in the Second Superseding Indictment, involving the manufacturing of methamphetamines.

15. The only discovery provided to the defense to date is the March 5, 2012 statement of Defendant Mckeoun and the printout of his criminal record. A motion for discovery was filed on April 9, 2012 and is pending.

16. After the March 22, 2012 Detention Hearing, present counsel was in contact with the Defendant's sister, Laurie Williams of Bay City, Michigan. The name of Ms. Williams prior to marriage was Laurie McKeoun; both Ms. Laurie Williams, nee Laurie McKeoun, and Patrick Michael McKeoun have the same father, Donald McKeoun, now deceased.

17. Ms. Laurie Williams is 47 years of age, married, a home maker, and she has no prior criminal record. A photocopy of Ms. Williams' driver's license and a recent utility bill and telephone bill are being provided separately by letter to both Pre-Trial Services and to Assistant United States Attorney Saima Mohsin.

18. Laurie Williams is agreeable that her brother, Defendant Patrick Michael McKeoun, stay at her home in Bay City, Michigan and that Mr. Mckeoun be on a tether; Ms. Williams and her husband have a wired telephone and an empty bedroom in their home that Mr. Mckeoun could sleep in. Ms. Williams is also agreeable to be the third party custodian of Defendant Patrick Michael McKeoun. In the event that Defendant

Patrick Mckeoun violates any condition of pretrial release, then Ms. Williams agrees that she will immediately call Pretrial Services and report it.  Ms. Laurie Williams will appear at the hearing set by this court to confirm these facts and to answer any questions.

19. Present counsel requests that the Order of Detention be set aside and that Defendant Patrick Michael McKeoun be released with the following conditions: that the defendant McKeoun live at the home of his sister Laurie Williams in Bay City, Michigan; that Mr. Mckeoun be placed on a tether;  that his sister Laurie Williams be accepted as his custodian; and that Mr. Mckeoun be ordered to report to pretrial services and undergo  drug screenings and drug treatment as directed  by the Pre-Trial Services officer in this case.

20. It is the position of the defense that there is now a stable residence that Mr. Mckeoun can stay at with his sister and that these requested conditions of release will reasonably assure the appearance of Defendant Mckeoun and the safety of the community.

WHEREFORE, the Defendant Patrick Michael McKeoun, by and through his attorney Sidney Kraizman, Esq., respectfully requests that this Honorable Court enter an order revoking the Order for Detention by Magistrate Judge Randon and order the pre-trial release of the defendant with the conditions of tether, appointment of Mr. McKeoun's sister, Laurie Williams, as his custodian, reporting, drug screenings and drug treatment as directed by the Pre-Trial Services Officer in this case.

                Respectfully submitted,

                By: /s/ Sidney Kraizman, Esq.
                Sidney Kraizman P16199)
                Attorney for Defendant
                615 Griswold, 1616 Ford Building
                Detroit, Michigan 48226
                (313) 961-7078
                sidkraizman@sbcglobal.net

DATED: April 19, 2012

**BRIEF IN SUPPORT**

The defendant respectfully recites 18 U.S.C. §3142(c) (1) (B) that provides for Release:

"Subject to the least restrictive further conditions or a combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community…"

Pursuant to 18 U.S.C. §3145(b), the defendant may file a motion for review of the detention order with the United States District Court Judge. "The motion shall be determined promptly."

"It is a de novo hearing. *U.S. v Jones*, 804 F. Supp. 1081 (S.D. Ind. 1992; *U.S. v Delker*, 757 F. 2d 1390, 1394 (3rd Cir. 1985). The district court must order detention if, after a hearing, it concludes 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community…' 18 U.S.C. §3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States v Hazime*, 762 F. 2d 34, 37 (6th Cir. 1985)." *United States v Salaam*, 2009 U.S. Dist. LEXIS 108570 (United States District Court for the Eastern District of Michigan, Case No. 09-20549, Nov. 20, 2009 Opinion and Order of United States District Court Judge Denise Paige Hood).

"The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. §3142(g)." *U.S. v Salaam, supra.*

In *United States v Montgomery*, 2010 U.S. Dist. LEXIS 25956, (United States District Court for the Eastern District of Michigan, Case No.: 09-20101), U.S. District Court Judge Sean Cox in an Opinion dated March 19, 2010 stated: "This court reviews a defendant's appeal of an order of detention de novo…(although the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a magistrate

8

judge's detention order, the majority of the circuits that have considered the issue have ruled that a de novo review is appropriate…"

At 18 U.S.C. §3142(g) "**factors to be considered**…In determining whether there are conditions of release that will reasonably assure the appearance of a person as required and the safety of any other person and the community, taking into account the available information concerning –

    (1) <u>The nature and circumstances of the offense charged</u>, including whether the offense is a crime of violence…;

    (2) <u>The weight of the evidence against the person;</u>

    (3) <u>The history and characteristics of the person,</u>, including –

        (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) Whether at the time of the current offense or arrest the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or Local Law; and

    (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release…"

18 U.S.C. 3142(e) Detention and (f) Detention hearing define when a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

<u>There are conditions of release that will reasonably assure the appearance of defendant McKeoun as required in this case and the safety of the community. The defendant Patrick Michael McKeoun should be ordered released with the following conditions:</u> that he remain <u>in the custody of his sister Laurie Williams,</u> who agrees to

9

<u>assume supervision and to report any violation of a release condition to the court, the use of a tether, reporting, drug screenings and drug treatment as directed by the U.S. Pretrial Services Officer assigned to this case.</u>

                                        Respectfully submitted,

                                        By: <u>/s/ Sidney Kraizman, Esq.</u>
                                        Sidney Kraizman P16199)
                                        Attorney for Defendant
                                        615 Griswold, 1616 Ford Building
                                        Detroit, Michigan 48226
                                        (313) 961-7078
                                        sidkraizman@sbcglobal.net

DATED: April 19, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to defense counsel and the following:

AUSA Saima Mohsin
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

AUSA Eric M. Straus
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

this date: April 19, 2012.

                                    <u>/s/</u>     Sidney Kraizman, Esq.
                                            Signature