UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
    Plaintiff

Case No.:11-20129
Hon.: ROBERT H. CLELAND

v

D-4 PATRICK MICHAEL MCKEOUN
    Defendant.

_____/

## NOTICE OF HEARING

TO:   AUSA Saima Mohsin
AUSA Eric M. Straus
Assistant U.S. Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI  48226

**PLEASE TAKE NOTICE that** the Defendant's attached Motion shall be heard on a date and time set by the Case Manager for Judge Robert H. Cleland.

    Respectfully submitted,

    By: /s/ Sidney Kraizman, Esq.
    Sidney Kraizman P16199)
    Attorney for Defendant
    615 Griswold, 1616 Ford Building
    Detroit, Michigan 48226
    (313) 961-7078
    sidkraizman@sbcglobal.net

DATED: May 30, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America
       Plaintiff                  Case No.:11-20129
v                                       Hon.: ROBERT H. CLELAND

D-4 PATRICK MICHAEL MCKEOUN
       Defendant.

_____/

## MOTION FOR BILL OF PARTICULARS and COMBINED BRIEF

NOW COMES the Defendant Patrick Michael Mckeoun, by and through his attorney Sidney Kraizman, and hereby moves this Honorable Court for an order that the Government provide a Bill of Particulars under Crim. R. 7(f) for the reasons that:

1. The defendant Patrick Michael Mckeoun is charged in the Second Superseding Indictment with: Conspiracy to Manufacture more than 5 grams of Methamphetamine, in violation of 21 U.S.C. §841(a) (1) and 846 (Count 1); Manufacture of more than five (5) grams of Methamphetamines, Aiding and Abetting, in violation of 21 U.S.C. §841(a) (1), (b)(1)(B), and 18 U.S.C. § 2 (Count 4); and Endangering Human Life While Illegally Manufacturing Methamphetamines, Aiding and Abetting, in violation of 21 U.S.C. § 858, (a) (1), and 18 U.S.C. § 2 (Count 6).

2. The Second Superseding Indictment states in pertinent part as to Defendant Patrick Michael McKeoun the following. Count 1 – Conspiracy to Manufacture Methamphetamines - "*Between approximately July 2010 through at least October 2011*, *in the Eastern District of Michigan, Southern Division, and elsewhere*, that Ronald Raymond Roberts, David Thomas Roberts and *Patrick Michael McKeoun*, Defendants…" conspired to manufacture more than five (5) grams of

2

Methamphetamines.  Count IV – Manufacture of Methamphetamine, Aiding and Abetting - "During *approximately September 2011, in the City of Roseville*, in the Eastern District of Michigan, and elsewhere, the Defendants David Thomas Roberts and Patrick Michael McKeoun, aided and abetted by one another, did knowingly and intentionally manufacture more than five (5) grams of Methamphetamine…."  Count VI – Endangering human life while illegally manufacturing Methamphetamines, Aiding and Abetting – "*During approximately September 2011, in the Eastern District of Michigan, Southern Division*, Defendants David Thomas Roberts and *Patrick Michael McKeoun*, aided and abetted by each other, while manufacturing and attempted to manufacture Methamphetamines, a schedule 2 controlled substance, did knowingly and unlawfully, create a substantial risk of harm to human life…."

    3.    As TO Count IV – (Manufacturing of Methamphetamine, Aiding and Abetting) and Count VI – Endangering Human Life while illegally manufacturing Methamphetamine, aiding and abetting, the defendant *McKeoun requests a Bill of Particulars as to the exact date, time, and exact place where it is claimed that Defendant McKeoun manufactured Methamphetamine.*

    4.    As to Count I, Conspiracy to Manufacture Methamphetamine, the defendant McKeoun requests a Bill of Particulars as to the exact date and time of day and exact location where the government alleges that Defendant Mckeoun joined the conspiracy and as to the occasions where Mckeoun allegedly conspired to manufacture Methamphetamine.

5.     The Advisory Committee Notes to Federal Rule of Criminal Procedure 7 (F) Bill of Particulars, states the following in pertinent part as to the 1966 Amendments.

"The Amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts towards Bills of Particular without taking away the discretion which courts must have in dealing with such motions in individual cases. For an illustration of wise use of this discretion see the opinion of Justice Whittaker written when he was a judge in <u>United States v Smith</u>, 16 F.R.D. 372 (WD Mo. 1954)."

6.     In <u>United States v Smith</u>, supra, then United States District Court Judge Whittaker in a drug distribution case ordered that the government provide the defendant with a Bill of Particulars that included, "the time of day when, and the exact place where, the government claims the defendant sold a narcotic drug in Kansas City on August 29, 1954, (3) the name of the person or persons to whom it is claimed the Defendant sold and transferred the narcotic drug…" <u>United States v Smith</u>, 16 F.R.D. at 373.

7.     In <u>United States v Salisbury</u>, 983 F2d 1369, 1375 (6th Cir. 1993) the court explained that: "A Bill of Particulars is meant to be used as tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes."

8.     In the case at bar, the government has refused to provide the defendant with the report and/or statement of Co-Defendant David Roberts that likely would provide the defendant with information as to the exact date, time of day, and location where it is claimed that defendant McKeoun aided and abetted co-defendant Roberts in manufacturing Methamphetamine and conspiring to manufacture Methamphetamine;

4

the government has also refused to provide Defendant McKeoun with statements of any other alleged co-conspirators or eyewitnesses.

9. The government requested notice of defense of alibi from Defendant Mckeoun but has refused to provide information as to the exact date, time of day, and exact location where the alleged offense occurred.

10. A Bill of Particulars is needed to minimize surprise in this case and to assist the defendant McKeoun in obtaining information to prepare a defense. It is also necessary to preclude a second prosecution for the same crime.

11. Present counsel requested that the government agree to entry of an order for a bill of particulars.

12. By email dated May 30, 2012 AUSA Mohsin responded that the Government will not consent to filing a bill of particulars.

WHEREFORE, the defendant Patrick Michael Mckeoun, by and through his attorney, Sidney Kraizman, respectfully requests that this Honorable Court enter an order under Crim. R. 7(f) that the Government provide the Defendant before trial with a Bill of Particulars as set forth in paragraphs 3 and 4.

Respectfully submitted,

  /s/ Sidney Kraizman, Esq.
Sidney Kraizman (P16199)
Attorney for Defendant
615 Griswold, 1616 Ford Building
Detroit, Michigan 48226
(313) 961-7078
sidkraizman@sbcglobal.net

Dated: May 30, 2012

CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to defense counsel and the following:

AUSA Saima Mohsin
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

AUSA Eric M. Straus
Assistant U.S. Attorney
211 W. Fort St., Ste. 2100
Detroit, Michigan 48226

this date: May 30, 2012.

/s/     Sidney Kraizman, Esq.
Signature