**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

CRIMINAL NO. 11-20129

HON. ROBERT H. CLELAND

vs.

D-1 SCOTT SUTHERLAND, et.al.,

Defendants.
______________________________/

**GOVERNMENT'S BRIEF IN SUPPORT OF MOTION TO PROCEED BY PROFFER AT DETENTION HEARING**

The government has elected to proceed by proffer at the detention hearings related to the above captioned matter. For the reasons stated below, a defendant does not have a right to require the government to present information by way of testimony. Accordingly, any demand that the government not proceed by way of written proffer should be denied.

**ARGUMENT**

18 U.S.C. § 3142(f) sets forth a defendant's procedural rights at a detention hearing. That section states: "[The defendant] shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses ***who appear at the hearing***, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id*. (Emphasis added).

Every authority to consider the issue -- including, critically, the Sixth Circuit -- has held that the government has the absolute right, in its sole discretion, to proceed by proffer at a detention hearing. *U.S. v. Webb*, 238 F.3d 426, 2000 WL 1721060, *2 (6th Cir. Nov. 6, 2000) ("A

full evidentiary hearing was not required. The government may proceed in a detention hearing by proffer or hearsay"); *U.S. v. El-Hage*, 213 F.3d 74, 82 (2d Cir. 2000) ("While the defendant may present his own witnesses and cross-examine any witnesses that the government calls, either party may proceed by proffer and the rules of evidence do not apply"); *U.S. v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("We join our sister circuits in holding" that it "literally goes without saying" that the government has th right to proceed by proffer); *U.S. v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987) ("the government as well as the defense may proceed by proffering evidence"); *U.S. v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("the government may proceed in a detention hearing by proffer or hearsay"); *U.S. v. Koubriti*, No. 01-CR-80778, 2001 WL 1525270, *1 n. 3 (E.D.Mich. Oct. 16, 2001) (Rosen, J.) ("a number of circuits-including the Sixth Circuit-have held that evidence proffers by the government are adequate").

Likewise, every court to decide the question has rejected an assertion of a procedural due process right to compel the testimony of a government witness. As the D.C. Circuit held in *United States v. Smith*:

> Smith also argues that the district court's decision to permit the Government to proceed by proffer denied him procedural due process and his right under the Sixth Amendment to confront his accusers. A pretrial detention hearing, however, is neither a discovery device for the defense nor a trial on the merits. The process that is due is only that which is required by and proportionate to the purpose of the proceeding. That purpose includes neither a reprise of all the evidence presented before the grand jury . . . nor the right to confront non-testifying government witnesses . . . . ***A right to require the Government to produce its witnesses against him would complicate the hearing to a degree out of proportion to the liberty interest at stake***, the interest in remaining free until trial, for what is by statute a period of limited duration.

*Id.*, 79 F.3d at 1210 (emphasis added).

So too the Ninth Circuit in *United States v. Winsor*:

> Winsor next argues that due process requires that a defendant in a pretrial detention hearing be afforded rights of confrontation and cross-examination. He reasons that he should have been allowed to cross-examine the government investigators and police officers who were involved in the investigation and arrest to demonstrate that he was arrested without probable cause. . . . ***The accused has no right to cross-examine adverse witnesses who have not been called to testify***.

*Id*., 785 F.2d at 756 (emphasis added); *U.S. v. Bibbs*, 488 F.Supp.2d 925, 926 (N.D.Cal. 2007) ("I also reject defendant's argument that the due process clause requires me to allow defendant to subpoena the Government's witnesses for cross-examination. . . . Neither the Ninth Circuit nor Congress intends the detention hearing to serve as a mini-trial on the ultimate question of guilt").

And the Third Circuit in *United States v. Delker*: "Delker argues that the district court erred in denying his request to subpoena material government witnesses . . . . The district court did not err in admitting hearsay at the hearing and in refusing to subpoena the witnesses whose out-of-court statements linked appellant to the conspiracy and other crimes." *Id*., 757 F.2d 1390, 1397-98 (3rd Cir.1985).

At most, a minority of courts have held that a defendant has a "***conditional*** right to call adverse witnesses," either in the court's discretion or if "he can proffer to the court in reasonable detail how he expects their testimony to negate substantial probability." *U.S. v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987) (emphasis added) (internal quotations and citation omitted); *see also U.S. v. Pasciuti*, 958 F.2d 361, 1992 WL 51482, *5-6 (1st Cir. March 19, 1992) (finding no abuse of discretion in district court's refusal to subpoena officer).

The Sixth Circuit has not expressly adopted either view on this latter question: the majority view, that a defendant has no subpoena power at a detention hearing "to require the Government to produce its witnesses against him," *Smith*, 79 F.3d at 1210, versus the minority view,

that a defendant has a "conditional right" upon showing "in reasonable detail how he expects their testimony to negate substantial probability." *Gaviria*, 828 F.2d at 669. But it should be persuasive that in *Webb*, the Sixth Circuit cited to *Winsor*, where the Ninth Circuit adopted the majority view and held that "[t]he accused has no right to cross-examine adverse witnesses who have not been called to testify." *Id*., 785 F.2d at 756.

Finally, it is worth noting that in addition, to the extent any counsel for the defendants seek to examine government agents under oath, the Court simply does not have the authority to subpoena a federal agent's instantaneous appearance. Pursuant to 5 U.S.C. § 301, and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951), federal agencies may promulgate so-called *Touhy* regulations to govern the conditions and procedures -- including methods of service and opportunity to object -- by which their employees may testify about work-related issues at trial. *See generally U.S. v. Soriano-Jarquin*, 492 F.3d 495, 504 -505 (4th Cir. 2007). This includes, of course, FBI agents. Thus, the Court would be required to adjourn the detention hearing indefinitely until the FBI's *Touhy* regulations could be satisfied.

**CONCLUSION**

For all the foregoing reasons, the government respectfully requests that the detention hearing in this matter proceed by proffer and that any request to subpoena FBI agents be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

*s/Saima S. Mohsin*
SAIMA S. MOHSIN
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9163
Email: Saima.Mohsin@usdoj.gov

*s/Eric M. Straus*
ERIC M. STRAUS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9648
Email: Eric.Straus@usdoj.gov

Dated: July 24, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2012, I electronically filed the foregoing paper with the Clerk of the United States District Court, Eastern District of Michigan, using the ECF system which will send notification of such filing to all parties of record.

s/Eric Straus
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9163
Email: eric.straus@usdoj.gov