UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

               Plaintiff,

        v.

D-1 SCOTT WILLIAM SUTHERLAND, et al.

               Defendants.
_____/

Case No. 11-20129

HON.  ROBERT H. CLELAND

UNITED STATES OF AMERICA,

               Plaintiff,

        v.

D-1 JEFF GARVIN SMITH, et al.

               Defendants.
_____/

Case No. 11-20066

HON.  ROBERT H. CLELAND

## THE UNITED STATES MOTION TO DESIGNATE
## CASE AS A COMPLEX CASE AND FOR EXCLUDABLE DELAY

NOW COMES the United States of America by and through its attorneys, BARBARA L. McQUADE, United States Attorney, and Saima S. Mohsin and Eric M. Straus, Assistant United States Attorneys, for the Eastern District of Michigan, and Jerome M. Maiatico, Trial Attorney for the U.S. Department of Justice, and respectfully requests that the Court designate the above-captioned cases as complex cases under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(ii).  In support of its motion, the Government states the following:

      1.     A Federal Grand Jury returned a sealed Third Superseding Indictment on June 23, 2012.  The Third Superseding Indictment, Criminal No. 11-20129, was unsealed on July 13, 2012.

The Third Superseding Indictment charges forty-one (41) defendants and 38 separate counts, and a notice of forfeiture.

2.      Count One of the Third Superseding Indictment, Criminal No. 11-20129, avers that, beginning on a date unknown, but at least as early as the 1990s, and continuing to on or about the date of the Indictment, defendants Scott William Sutherland, Ronald Raymond Roberts, David Thomas Roberts, Patrick Michael Mckeoun, Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Vincent John Witort, Michael William Mastromatteo, Vernon Nelson Rich, John Renny Riede, Victor Carlos Castano, Gary Lee Nelson, Michael Kenneth Rich, Raymond Charles Melioli, Timothy Paul Downs, David Randy Drozdowski, and Dean Edward Jakiel, conspired to conduct and participate in the conduct of the affairs of the criminal enterprise of the Devils Diciples Motorcycle Club ("the DDMC") through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d). Count One avers that the pattern of racketeering activity consisted of multiple acts indictable under federal law, including obstruction of justice, obstruction of criminal investigations, witness tampering, retaliating against a witness, sex trafficking by force, fraud, or coercion, interstate travel in aid of racketeering, operating an illegal gambling business, interstate transportation of stolen vehicles, and sale or receipt of stolen vehicles.  The pattern of racketeering activity also consisted of multiple acts involving trafficking in controlled substances  in violation of federal law; and multiple acts involving murder, in violation of the laws of the State of Indiana, the State of Arizona, and the State of Michigan; multiple acts involving robbery, extortion, and trafficking in controlled substances, in violation of the laws of the State of Arizona and the State of Michigan; multiple acts of kidnaping, in violation of the laws of the State of Arizona; and multiple acts of bribery, in violation of the laws of the State of Michigan.

3.      The Third Superseding Indictment, Criminal No. 11-20129, in the racketeering acts

of Count One and the substantive violations of Counts Two through Thirty-Eight,[1] alleges that

the defendants participated in numerous criminal schemes, including but not limited to:

(a)    murders committed by DDMC members William Bartell and Larry Lee Morgan; attempted murders committed by defendant Jeff Garvin Smith and Vincent John Witort.

(b)    violent acts in aid of racketeering by defendants Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Ronald Raymond Roberts, Christopher Raymond Cook, Wayne Russell Werth, David Randy Drozdowski, and Smiley Villa.

(c)    felony firearms related offenses by defendants Ronald Raymond Roberts, Vernon Nelson Rich, Howard Joseph Quant, Danny Russell Burby, Jr., Christopher Raymond Cook, David Randy Drozdowski, and Jason Joseph Cook.

(d)    conspiracy to conduct an illegal gambling business, which included the use of slot/poker machines, by defendants Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Michael William Mastromatteo, Vernon Nelson Rich, John Renny Riede, Gary Lee Nelson, Raymond Charles Melioli, Timothy Paul Downs, Ronald Nick Preletz, Howard Joseph Quant, Clifford Chansel Rhodes, II, David Roy Delong, Christopher Raymond Cook, Michael John Palazzola, and Edward Allen Taylor.

(e)    conspiracy to manufacture, distribute, and to possess with the intent to distribute methamphetamine and hydrocodone by defendants Scott William Sutherland, Ronald Raymond Roberts, David Thomas Roberts, Patrick Michael Mckeoun, Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Vincent James Witort, Vernon Nelson Rich, John Renny Riede, Gary Lee Nelson, Raymond Charles Melioli, Timothy Paul Downs, David Randy Drozdowski, Smiley Villa, Sylvester Gerard We Saw, Howard Joseph Quant, Scott Thomas Perkins, Danny Russell Burby, Jr., Jason Joseph Cook, Salvatore Battaglia, William Scott Lonsby, and Wayne Russell Werth.

(f)    distribution of methamphetamine and possession with intent to distribute methamphetamine by defendants Cary Dale Vandiver, Vernon Nelson Rich, Paul Anthony Darrah, John Renny Riede, and Edward Allen Taylor.

---

[1] A related indictment, Criminal No. 12-20387, charged defendant Smiley Villa with being a felon in possession of a firearm. On November 7, 2012, the Government filed a superseding information incorporating the firearms charge into Criminal No. 11-20129, and Criminal No. 12-20387 was dismissed on December 26, 2012.

(g)     manufacturing methamphetamine where children reside or are present by defendants Ronald Raymond Roberts and Wayne Russell Werth.

(h)     possession of methamphetamine precursors by defendant Cary Dale Vandiver.

(i)     conspiracy to possess and distribute hydrocodone by defendants Vernon Nelson Rich and Lauri Ann Ledford.

(j)     possession with intent to distribute marijuana by defendant John Renny Riede.

(k)     conspiracy to obstruct justice by witness tampering by defendants Ronald Raymond Roberts, Jeff Garvin Smith, Paul Anthony Darrah, Cary Dale Vandiver, Gary Lee Nelson, Timothy Paul Downs, Christopher Raymond Cook, Ronald Leon Lambert, and Wayne Russell Werth.

(l)     false statements to federal officers by defendant David Roy Delong, and perjury by defendant Tony Wayne Kitchens.

(m)     using a facility in interstate commerce to further an unlawful activity by defendants Paul Anthony Darrah and John Charles Scudder.

(n)     use of communications facilities to cause and facilitate felony drug transactions by defendants Jennifer Lee Cicola, Dean Tagliavia, Alexis Catherine May, and Paula Mileha Friscioni.

4.     A Federal Grand Jury returned a sealed Indictment on February 9, 2011, Criminal No. 11-2066. The Indictment charges eleven (11) defendants in six separate counts. The Indictment was unsealed on July 13, 2012.

5.     Counts One, Two and Three of the Indictment, Criminal No. 11-20066 aver that, at various dates between June 2005 and March 2009, defendants Jeff Garvin Smith, Paul Anthony Darrah, Michael William Mastromatteo, Cary Dale Vandiver, Victor Carlos Castano, Michael Kenneth Rich, and FNU LNU, a.k.a. "Jesus," (1) conspired to suborn the perjurious testimony of Keith McFadden, and Stella Herron at the February 2006 federal criminal trial of Victor Carlos Castano in the Eastern District of Michigan and to obstruct justice by corruptly and by threats, endeavoring to influence, obstruct, impede the due administration of justice; (2) suborned and

procured Keith McFadden to commit perjury by testifying falsely under oath at the federal criminal

trial of Victor Carlos Castano in the Eastern District of Michigan; and (3) corruptly influenced,

obstructed and impeded and endeavored to influence, obstruct and impede the due administration

of justice in the federal criminal trial of Victor Carlos Castano in the Eastern District of Michigan.

6.      Counts Four and Five of the Indictment, Criminal No. 11-20066, aver that, between

approximately November 2007 and December 11, 2007, Victor Carlos Castano (1) obstructed justice

by threats to Vernon Nelson Rich in retaliation for Rich's attendance of and testimony at Castano's

federal criminal trial; and (2) deposited for mailing, a threatening letter to Rich.

7       Count Six of the Indictment, Criminal No. 11-20066, avers that, from approximately

July 2003 and February 2006, Vernon Nelson Rich, Victor Carlos Castano, Edward Allen Taylor,

Michael Kenneth Rich, William Scott Lonsby, and Keith William McFadden, conspired to

distribute, and to possess with the intent to distribute, more than 100 kilograms of marijuana.

8.      The charges and proofs supporting the Indictment, Criminal No. 11-20066, are also

material proofs supporting the Third Superseding Indictment, Criminal No. 11-20129. In particular,

these proofs are part of the underlying conspiracy alleged in Count One, the RICO Conspiracy.

9.      These two indictments are the result of a complex investigation spanning more than

seven years, conducted by the Federal Bureau of Investigation with assistance from state and local

law enforcement agencies.

10.     The Government's evidence in this case includes Court-authorized electronic

surveillance conducted at various times between November 2007 and October 2008. Law

enforcement agents intercepted more than 20,000 wire and oral communications.  In addition,

investigative agents also obtained consensual recordings of several defendants through the use of

cooperating witnesses.  Investigative agents have amassed video recordings through the use of pole

cameras.

11.    The Government's evidence in this case also includes physical evidence and documents seized from the execution of more than 50 searches from locations and individuals that were searched pursuant to court-authorized search warrants and consent searches.

12.    The Government's evidence in this case also includes voluminous documents obtained through subpoenas and other requests, which include court records from prior investigations, trial and hearing transcripts, hospital records, police and prosecutors files.

13.    The Government intends to introduce hundreds of recordings of intercepted and recorded communications at trial.  In addition, the Government anticipates it will call more than 50 trial witnesses and introduce hundreds of documents and other pieces of physical evidence.

14.    The defendants had their initial appearances and arraignments between July 13, 2012 and September 27, 2012. Pursuant to the Speedy Trial Act, 18 U.S.C. §3161, trial must commence within 70 days of the last date on which the defendants make their initial appearance.  The Court has not set a trial date.

15.    On August 14, 2012, the Government filed a Motion for an Order to Consolidate the two referenced Indictments to conserve judicial and party resources.  The court ordered the indictments be tracked together for all pretrial proceedings, but denied consolidation onto one docket. (R. 461).

16.    On August 22, 2012, a status conference was held in the case, and the Court issued a preliminary scheduling order on September 7, 2012. (R. 462).  The Court also issued an order excluding speedy trial from the August 22 status conference until the next scheduled status conference on September 24, 2012. (R. 463).  The order was accompanied by a stipulation by the parties.

17.     Since August 22, 2012, the court has held additional status conferences on the status of the dissemination of discovery in the case, on September 24, 2012, November 5, 2012, January 7, 2013, and February 7, 2013.  The court issued orders on October 3, 2012 (R. 489), November 27, 2012 (R. 517), December 7, 2012 (R. 518), and January 15, 2013 (R. 523), finding excludable delay pursuant to 18 U.S.C. §3161(h).

18.     The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendants in a speedy trial.  *See* 18 U.S.C. §3161(j)(7)(A).

19.     Pursuant to §3161(h)(7)(B)(ii), a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii).

20.     For the reasons set forth in this motion, the Government submits that this case is a complex case within the meaning of  §3161(h)(7)(B)(ii) due to the nature of the prosecution, the number of defendants, and quantity of evidence.  Therefore, it is unreasonable to expect adequate preparation for pre-trial proceedings and trial within the time limits of the Speedy Trial Act.

21.     In addition, §3161(h)(7)(B)(iv) provides that if the case, "taken as a whole, is not so unusual or so complex," to fall within §3161(h)(7)(B)(ii), then the Court may allow a continuance if the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

22.     The Government submits that the ends of justice favor a continuance because the

parties would otherwise be denied the reasonable time necessary for effective preparation, and such preparation will substantially shorten the time necessary for trial.

23.     The ends of justice resulting from a continuance will outweigh the interests of the public and the defendants in a speedy trial.

24.     While most defendants stipulated to the waiver of speedy trial in prior orders, at this time, the Government has not received unanimous concurrence from all charged defendants.

Accordingly, the Government respectfully requests that the Court designate this matter a complex case under 18 U.S.C. §3161(h)(7)(B)(ii), and find that a failure to grant a continuance would deny the parties reasonable time necessary for effective pretrial preparation, and grant a continuance of the trial date under §3161(h)(7)(B)(ii).

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

s/Saima S. Mohsin
SAIMA S. MOHSIN
ERIC M. STRAUS
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
Telephone: (313) 226-9100
Saima.Mohsin@usdoj.gov
Eric.Straus@usdoj.gov

s/Jerome M. Maiatico
JEROME M. MAIATICO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W., Room 703
Washington, D.C. 20530
Telephone:  (202) 615-8125
Jerome.Maiatico@usdoj.gov

DATED:     February 8, 2013